# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARL DORSEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15 C 993 |
| CHICAGO POLICE DEPARTMENT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Carl Dorsey ("Dorsey") has filed this pro se action against the Chicago Police Department[1] and Edward Ugarte ("Ugarte"), a Chicago Police Officer whom Dorsey charges with entrapment in violation of his constitutional rights. Dorsey has accompanied his Complaint, prepared on the 42 U.S.C. § 1983 ("Section 1983") Complaint form made available by this District Court's Clerk's Office, with an In Forma Pauperis Application ("Application")[2] and a Motion for Appointment of Counsel ("Motion"), for each of which Dorsey has also utilized Clerk's-Office-supplied forms. As 28 U.S.C. § 1915 ("Section 1915") establishes the requirements for prisoner plaintiffs who seek to bring civil actions, this opinion will turn to that subject first before looking at the substantive aspects of Dorsey's Complaint.

---

[1] That Department is not a legal entity, in addition to which the Complaint makes no allegations against it. So if this action were to survive (as it does not), the Complaint's reference to the Department as a defendant would be stricken in any event.

[2] Dorsey is now in custody at Jacksonville Correctional Center ("Jacksonville"), although the trust fund account printout that he has tendered in support of his Application requesting in forma pauperis status covers more than a six-month period while he was previously in custody at the Cook County Department of Corrections ("County Jail") (obviously as a pre-conviction detainee) -- more on this subject later.

In that respect the Application does not literally comply with Section 1915(a)(2), because Dorsey's trust fund account printout does not encompass "the 6-month period immediately preceding the filing of the complaint." But it does cover a full six month period through December 2014, and the level of regularity reflected in the monthly deposits to Dorsey's account during that period while he was at the County Jail appears to justify not imposing on him the obligation to obtain and provide the most recent pre-filing information covering the month of January 2015. Those monthly deposits during the six months from July through December 2014 came to an average of $275 (see Section 1915(b)(1)), 20% of which (id.) is $55.

Accordingly the initial partial filing fee that Dorsey must pay is $55, and the authorities at Jacksonville (to which institution Dorsey's trust fund account was surely transferred from the County Jail) are ordered to remit that amount, plus 20% of any deposits made to Dorsey's trust fund account during January 2015, forthwith as an initial partial filing fee. Stateville's trust fund officer is ordered to collect that amount from Dorsey's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>  Office of the Clerk
>  United States District Court
>  219 South Dearborn Street
>  Chicago IL 60604
>
>  Attention: Fiscal Department.

Under the formulation prescribed by Section 1915(b), Dorsey is obligated (and is now ordered) to pay the full $350 filing fee, but to do so in installments as directed in this opinion. Hence after the initial payment on account is made, the trust fund officer at Jacksonville (or at any other correctional facility where Dorsey may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding

month's receipts credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

Both the initial payment and all future payments shall clearly identify Dorsey's name and the 15 C 993 case number assigned to this action. To implement the foregoing requirements, the Clerk shall send a copy of this order to the Jacksonville trust fund officer.

Now to Dorsey's Complaint, which asserts a truly absurd claim of entrapment by Officer Ugarte, who was engaged in a sting operation according to Complaint ¶ IV's Statement of Claim. To avoid any possible implication that this opinion might provide an inaccurate portrayal of Dorsey's allegations, a photocopy of Complaint ¶ IV is attached.

As Dorsey would have it, on April 14, 2014 he was waiting at a bus stop when he was approached by a stranger who asked him for "some dope," to which he responded "Go away" and "Can't you see that they're selling dope behind me in the alley?" When the stranger then said that he was "too sick" to go back there and that he would pay Dorsey to get it for him, Dorsey explains his accommodation to that request by advancing the total non sequitur that he was a licensed truck driver and "felt obligated and compelled to help the man as a first responder."

That bizarre attempt at self-justification is followed by an account of the events that followed that is equally bizarre in terms of a putative entrapment claim implicating Section 1983 (see, e.g., Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 865 (7th Cir. 2004)). Whether looked at through the lens provided by Neitzke v. Williams, 490 U.S. 319 (1989) as to legal frivolousness or the lens provided by Denton v. Hernandez, 504 U.S. 25 (1992) as to factual frivolousness, Dorsey's Complaint and this action simply cannot and do not survive the initial screening called for by 28 U.S.C. § 1915A. Hence both the Complaint and this action are

dismissed pursuant to 28 U.S.C. § 1915A(b)(1),[3] and the Application is granted under the special terms dictated by Section 1915, while the Motion is denied.

                                                                   _____
                                                                   Milton I. Shadur
                                                                   Senior United States District Judge

Date: February 10, 2015

---

[3] This order of dismissal is a "strike" for purposes of 28 U.S.C. § 1915(g).

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.) On 29th April, 2014 A man Approached me at 3944 W. Jackson St Chicago Illinois at a Bus stop where I was waiting for a Bus home. The Male of Latin Decent asked me for some Dope. I told him to go away and Can't you see that they're selling dope behind me in the Alley? He said "Man I'am to sick to go back there and get it (Dope). I will pay you to go get it for Me". So being a truck driver (Licensed CDL) I felt obligated and Compelled to help the Man as A first Responder. So I said ok. He said do not run off with my money". I Told him to hold my Wallet til I returned. After giving him my wallet he then gave me One (1) $20 Bill, One (1) $10 bill and I walked Directly behind the Bus stop through Vacant Lot behind us (where he Could see clearly to and from) and purchased the Dope he paid me to go get. Once I came Back, gave Man two taped (red) packets gave it to the Man. He stated I gave you $30 dollars should have gotten (3) bags. I told the Man that was all they Gave Me. He then Gave me back my

4                                                                                                           Revised 9/2007

ATTACHMENT

Wallet and Three (3) one dollar Bills, got in a white Oldsmobile and left. I left the bus stop to head North towards Madison St to catch that bus.

I was stopped by a unmarked Police Car. Two officers got out, one searched me after telling me to put my hands on the car "You Beat the wrong person today." He called over his Radio to see if they got the person who sold me the dope on the back porch (gate directly behind bus stop). Someone male Responded No!

Now the man I told to go Away when he first Asked me for Dope was A Agent for the Chicago Police Department. Officer of unit 189 Edward Ugarte badge #15059, Entrapped me to buy drugs for him. When I was not Selling Drugs by Acting Sick (Looked sick as well) and praying me to go purchase dope. Then Arresting me for helping him cause he was sick. Taken to Holmann + Fillmore questioned then Police Station @ Harrison and Kedzie for Booking. This Action must be stopped, this officer and Task Force is "Out of Control".

Revised 9/2007