**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CARL DORSEY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 15 C 993 |
| | ) |
| **CHICAGO POLICE DEPARTMENT**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff's one-page handwritten request for reconsideration of the dismissal of this action [Dkt. 8] is denied for the reasons hereafter stated in this memorandum order. This case remains closed.

Illinois inmate Carl Dorsey ("Dorsey") brought this pro se civil rights action under 42 U.S.C. § 1983 ("Section 1983") against the Chicago Police Department and Chicago Police Officer Edward Ugarte. Dorsey alleged that on April 29, 2014 Ugarte violated Dorsey's constitutional rights when Ugarte, who was posing as an drug customer, asked Dorsey to buy drugs for him. Dorsey made the purchase and then was arrested. Dorsey contends that he would not have purchased drugs but for Ugarte's request and that Ugarte's conduct constituted entrapment. This Court's February 10, 2015 memorandum order dismissed Dorsey's complaint, explaining that Dorsey's allegations were both legally and factually frivolous.

Now before this Court is a letter written by Dorsey in which he seeks reconsideration of the dismissal of this action. In his letter Dorsey reasserts that he bought drugs only because he was offered $3 to make the purchase and that he was only trying to help a man who appeared to be in need.

Dorsey's motion, filed nearly three months after entry of judgment, must be analyzed under Fed. R. Civ. P. ("Rule") 60.  Rule 60(b) permits the Court to relieve a party from an order or judgment on six bases:   (1) the movant's mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; and (6) any other reason that justifies relief.  Dorsey presented no argument or facts that satisfy the criteria of Rule 60(b)(1) through (5), and this Court sees no reason to grant the extraordinary relief available under Rule 60(b)(6).  Indeed, the arguments offered by Dorsey for reinstatement of this action -- "I [ ] was only trying to help a man who appealed by my desire to help anyone" -- are nearly identical to the assertions unsuccessfully advanced made in his Complaint.  As stated at the outset, Dorsey's request that this Court reconsider dismissal of this action is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 21, 2015